# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JON ORLOSKY**
Muncie, Indiana


ATTORNEYS FOR AMICUS CURIAE
STATE OF INDIANA


**GREGORY F. ZOELLER**
Attorney General of Indiana


**THOMAS M. FISHER**
Solicitor General of Indiana


**TAMARA L. WEAVER**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**ROBERT DELANO JONES**
**E. PAIGE FREITAG**
Jones, McGlasson & Benckart
Bloomington, Indiana



FILED

Jul 16 2012, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | | |
|---|---|---|
| M & M INVESTMENT GROUP, LLC, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 03A04-1112-CC-639 |
| | ) | |
| AHLEMEYER FARMS, INC. and[1] | ) | |
| MONROE BANK, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1109-CC-5167

---

**July 16, 2012**


**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] Ahlemeyer Farms, Inc. is not seeking relief on appeal and has not filed a brief as either appellant or appellee. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

M & M Investments, LLC ("M & M") appeals the trial court's order denying its petition for a tax deed as to property of which Monroe Bank was the mortgagee.  M & M raises two issues, which we restate as:

I.      Whether the trial court erred when it failed to certify Monroe Bank's challenge to the constitutionality of Indiana Code section 6-1.1-24-3(b) to the Attorney General of Indiana ("Attorney General"), which would have allowed the Attorney General to intervene in the action; and

II.     Whether Indiana Code section 6-1.1-24-3(b), which governs the notice to be given a mortgagee when real property had been scheduled to be sold at tax sale, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution when a mortgagee has a publicly recorded mortgage.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On September 22, 2010, M & M purchased at tax sale real property, which at the time was owned by Ahlemeyer Farms, Inc. ("Ahlemeyer Farms") and located at 2737 Central Avenue, Columbus, Indiana.  The tax sale purchase price was $95,000.  Monroe Bank is the mortgagee of the property under two separate mortgages with Ahlemeyer Farms, one in the principal amount of $700,000 executed on March 30, 2006, and a second mortgage in the principal amount of $50,000 executed on November 9, 2007.  Those mortgages were in full force and effect on September 22, 2010 and secured by separate promissory notes.  Both mortgages, along with any modifications thereto, were recorded in the Office of the Recorder of Bartholomew County.

The Auditor of Bartholomew County gave notice of the tax sale to Ahlemeyer Farms, as record owner of the real property, and published a list of the tax sale properties.  No notice

of the tax sale was given to Monroe Bank prior to the actual tax sale. Monroe Bank did not request a copy of the notice of tax sale pursuant to Indiana Code section 6-1.1-24-3(b). Monroe Bank did receive the notices required by statute after M & M purchased the property at tax sale.

On September 27, 2011, M & M filed its "Petition to Direct the Auditor of Bartholomew County to Issue Tax Deed." *Appellant's App*. at 8-10. On October 21, 2011, Monroe Bank filed its response to the petition, contending that Indiana Code section 6-1.1-24-3(b) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. On November 17, 2011, the trial court entered its order denying M & M's petition for a tax deed, finding that the "Indiana Code provisions for notice do not provide constitutionally protected due process to Monroe Bank as mortgagee." *Id*. at 4-6. M & M now appeals.

## DISCUSSION AND DECISION

### I. Certification to Attorney General of Indiana

M & M argues that the trial court erred when it failed to certify Monroe Bank's challenge to the constitutionality of Indiana Code section 6-1.1-24-3(b) to the Attorney General, which would have allowed the Attorney General to intervene in the action. It contends that, pursuant to Indiana Code section 34-33.1-1-1, the trial court had an affirmative duty to certify the constitutional challenge to the Indiana tax sale statutes to the Attorney General, and because this was not done, the judgment should be set aside and the case remanded so that proper certification can be made.

Under Indiana Code section 34-33.1-1-1:

(a)     If the constitutionality of a state statute, ordinance, or franchise affecting the public interest is called into question in an action, suit, or proceeding in any court to which any agency, officer, or employee of the state is not a party, the court shall certify this fact to the attorney general and shall permit the attorney general to intervene on behalf of the state and present:

　　　(1)     evidence that relates to the question of constitutionality, if the evidence is otherwise admissible; and

　　　(2)     arguments on the question of constitutionality.

(b) If a party to an action bases its claim or defense on:

　　　(1)     a statute or executive order administered by a state officer or agency; or

　　　(2)     a rule, order, requirement, or agreement issued or made under the statute or executive order;

the attorney general shall be permitted to intervene in the action.

In the present case, after M & M filed its petition for tax deed, Monroe Bank filed its response, which contained a due process challenge to the constitutionality of Indiana Code section 6-1.1-24-3. Because this response called into question the constitutionality of a state statute in a proceeding to which the State was not a party, the trial court was required under Indiana Code section 34-33.1-1-1 to certify this fact to the Attorney General to allow the Attorney General the opportunity to intervene on behalf of the State in the action. The trial court here failed to certify Monroe Bank's constitutional challenge to the Attorney General before it issued its order denying M & M's petition for tax deed.

Although the trial court failed to certify the constitutional challenge as required by Indiana Code section 34-33.1-1-1, we note that the Attorney General has appeared in this appeal as an *amicus curiae* and has filed a brief, arguing the merits of the case. Because the

4

Attorney General has not requested that the case be remanded and has been given the opportunity to present evidence relating to the question of constitutionality and argument on the question of constitutionality, we will consider the merits of this appeal without remanding to the trial court in order to allow the Attorney General to intervene. However, we caution trial courts to follow the statutory procedure under Indiana Code section 34-33.1-1-1 when faced with constitutional challenges.

## II. Constitutionality of Indiana Code Section 6-1.1-24-3

M & M argues that Indiana's statutory notice scheme pertaining to tax sales is constitutional because under that scheme there are three opportunities for a mortgagee to receive notice of the tax sale. These include: (1) notice of a tax sale is to be posted in a public place in a public county building and published in a local newspaper; (2) if the mortgagee wishes to have notice mailed by certified mail, it can request notice pursuant to Indiana Code section 6-1.1-24-3(b); and (3) notice is required to be given post-tax sale under Indiana Code sections 6-1.1-25-4.5 and -4.6. Specifically, M & M contends that Indiana Code section 6-1.1-24-3(b) is not unconstitutional because all a mortgagee has to do in order to be eligible to receive pre-tax sale notice is to send a certified letter to the Auditor annually requesting such notice. M & M asserts that such a statutory scheme, which places a burden on the mortgagee to take affirmative steps, i.e., annually request by certified mail that pre-tax sale notice be sent, is a permissible statutory notice burden and does not create an excessive burden as to render the statute unconstitutional.

We presume that state legislation is constitutional. *Horseman v. Keller*, 841 N.E.2d 164, 170 (Ind. 2006) (citing *In re Tina T., 579 N.E.2d 48, 56 (Ind. 1991) ("Legislation ... is

5

clothed in a presumption of constitutionality.")). Thus, our standard of review where a trial court finds an Indiana statute unconstitutional is even less deferential than *de novo*. *Id.* (citing *Ind. Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt.,* 643 N.E.2d 331, 336 n.2 (Ind. 1994)). "'Since statutes are presumed to be constitutional, if there are any grounds for reversing the trial court's judgment [that a statute is unconstitutional] we will do so.'" *Id.*

The statute at issue in the present case is Indiana Code section 6-1.1-24-3, which discusses notices to be given prior to a tax sale and states in pertinent part:

> (a)   When real property is eligible for sale under this chapter, the county auditor shall post a copy of the notice required by sections 2 and 2.2 of this chapter at a public place of posting in the county courthouse or in another public county building at least twenty-one (21) days before the earliest date of application for judgment. In addition, the county auditor shall, in accordance with IC 5-3-1-4, publish the notice required in sections 2 and 2.2 of this chapter once each week for three (3) consecutive weeks before the earliest date on which the application for judgment may be made. The expenses of this publication shall be paid out of the county general fund without prior appropriation.

> (b)   At least twenty-one (21) days before the application for judgment is made, the county auditor shall mail a copy of the notice required by sections 2 and 2.2 of this chapter by certified mail, return receipt requested, to any mortgagee who annually requests, by certified mail, a copy of the notice. However, the failure of the county auditor to mail this notice or its nondelivery does not affect the validity of the judgment and order.

Ind. Code § 6-1.1-24-3(a), (b). Under subsection (b), the auditor is to provide notice to any mortgagee that requests such notice before the trial court enters judgment for the taxes due and orders the property to be sold at tax sale. This notice is referred to as pre-tax sale notice, as opposed to the post-tax sale notice that mortgagees, as persons with substantial property interest of public record in the property, shall receive after the property has been sold at tax

sale under Indiana Code sections 6-1.1-25-4.5 and -4.6. The pre-tax sale notice statute clearly states that the validity of the trial court's order to sell the property at tax sale will not be affected even if the auditor fails to mail the notice to a mortgagee who requests it or if such notice is not delivered for any other reason. Ind. Code § 6-1.1-24-3(b).

In *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983), the United States Supreme Court held that a prior version of Indiana's statute regarding pre-tax sale notice to mortgagees, which only required notice by publication to mortgagees, violated the Due Process Clause. *Id*. at 800. The Supreme Court did note that the pre-tax sale notice statute had been amended in 1980 to provide notice by certified mail to any mortgagee who requested it,[2] but that the amended version was not before the Court. *Id*. at 793 n.2. However, the Supreme Court's analysis and holding in *Mennonite* is important to the analysis of the present statute:

> In *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950), this Court recognized that prior to an action which will affect an interest in life, liberty, or property protected by the Due Process Clause of the Fourteenth Amendment, a State must provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."
>
> . . . .
>
> Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale. When the mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address, or by personal service. But

---

[2] The amended statute, Indiana Code section 6-1.1-24-4.2, which was subsequently repealed, provided for notice by certified mail to any mortgagee of real property which is subject to tax sale proceedings if the mortgagee has annually requested such notice and has agreed to pay a fee, not to exceed $10, to cover the cost of sending the notice.

7

unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of *Mullane*.

. . . .

Personal service or mailed notice is required even though sophisticated creditors have means at their disposal to discover whether property taxes have not been paid and whether tax sale proceedings are therefore likely to be initiated. In the first place, a mortgage need not involve a complex commercial transaction among knowledgeable parties, and it may well be the least sophisticated creditor whose security interest is threatened by a tax sale. More importantly, a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation. It is true that particularly extensive efforts to provide notice may often be required when the State is aware of a party's inexperience or incompetence.

. . . .

Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable. Furthermore, a mortgagee's knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending.

*Mennonite*, 462 U.S. at 799-800 (emphasis in original).

The Indiana Supreme Court later addressed the then-existing version of Indiana Code section 6-1.1-24-4.2, which was repealed in 1989 and is now codified at Indiana Code section 6-1.1-24-3, in *Elizondo v. Read*, 588 N.E.2d 501 (Ind. 1992), *abrogated by Jones v. Flowers*, 547 U.S. 220 (2006). At that time, Indiana's pre-tax sale notice statute "required the county auditor to send notice of sale to any mortgagee of real property subject to sale if the mortgagee annually, on a form provided by the State Board of Accounts, requested such notice and agreed to pay a fee to the county auditor to cover the costs of sending the notice." *Id*. at 502. Despite the finding in *Mennonite* that a party's ability to take steps to safeguard

its interests does not relieve the State of its constitutional obligation to provide adequate notice, our Supreme Court held that the language in the pre-tax sale notice statute that required mortgagees to file a request form annually to receive notice was reasonable and did not violate the Due Process Clause. *Id*. at 503-04. The Court also held that constitutionally adequate pre-tax sale notice was given to the property owners where the auditor mailed notice to the property owners' last known address, even though the owners had twice moved and the notice was returned unclaimed. *Id*. at 504-05.

In a dissent by Justice Givan, he concluded that the decision in *Mennonite* had held, as to mortgagees, that when a mortgage is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee. *Id*. at 505. The mortgagee in *Elizondo*, as in the present case, had a publicly recorded mortgage and did not request notice or file the necessary form to receive notice of the tax sale and, therefore, received no pre-tax sale notice. *Id*. at 502. Justice Givan concluded that, even if a mortgagee does not request notice, under *Mennonite* the auditor is required to mail notice to the mortgagee because it had a publicly recorded mortgage. *Id*. at 505. He further concluded that due process also required that the auditor should have determined the property owners' current address and sent another notice. *Id*.

Recently, the United States Supreme Court decided *Jones v. Flowers*, 547 U.S. 220 (2006), which specifically discussed the due process to which a property owner is entitled when the government is aware that its notice of a tax sale has been returned as undeliverable and which abrogated the decision in *Elizondo*. *Id*. at 226. The Supreme Court held that the government, although it followed Arkansas's requirements as to pre-tax sale notice to

9

property owners, violated due process when it failed to take further steps after notice to the property owners was returned unclaimed. *Id.* at 239. The Court specifically determined that the government should have taken additional reasonable steps to notify the property owner of the tax sale if practicable to do so and noted that the property owner's failure to keep his address up to date with the government as required by the state statute did not surrender his right to "constitutionally sufficient notice," citing the statement from *Mennonite* that "a party's ability to take steps to safeguard its own interests does not relieve the State of its constitutional obligation." *Jones*, 547 U.S. at 232, 234 (quoting *Mennonite*, 462 U.S. at 799).

As previously noted, *Jones* abrogated the Indiana Supreme Court's decision in *Elizondo*, both as it relates to property owners and as it relates to pre-tax sale notice required to be given to mortgagees. In *Jones*, the property owner failed to comply with the applicable state statute by updating his address with the county. Similarly, here, Monroe Bank did not comply with the applicable statute because it failed to request that it be provided with pre-tax sale notice via certified mail pursuant to Indiana Code section 6-1.1-24-3(b). However, the decision in *Jones* reaffirmed the determination from *Mennonite* that a party's ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation to provide adequate notice prior to a tax sale, which extinguishes a protected property interest. 547 U.S. at 232 (citing *Mennonite*, 462 U.S. at 799).

The Indiana Supreme Court did not acknowledge this important constitutional principle in its majority decision in *Elizondo*. Instead, the Court followed the reasoning of the dissent in *Mennonite*, which stated that constructive notice is only insufficient where the property owner cannot easily learn of the state's action threatening his interest, and

10

concluded that Indiana's then-existing pre-tax sale notice scheme, which required a mortgagee to take affirmative steps in order to receive notice prior to a tax sale, did not violate the Due Process Clause. *Elizondo*, 588 N.E.2d at 504 (citing *Mennonite*, 462 U.S. at 807). However, the majority in *Mennonite* clearly held that "[w]hen a mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication *must* be supplemented by notice mailed to the mortgagee's last known address, or by personal service." 462 U.S. at 798 (emphasis added). Therefore, the decision in *Elizondo*, which places the burden of receiving pre-tax sale notice on mortgagees by mandating that affirmative steps be taken to receive notice prior to a tax sale contravenes the holdings of *Mennonite*, of which one of the holdings has recently been reaffirmed in *Jones*. Requiring a mortgagee that has a publicly recorded mortgage to send a request through certified mail as a prerequisite to receiving notice prior to a tax sale is analogous to requiring a property owner to update his address in order to receive notice. This requirement was rejected in *Jones*. 547 U.S. at 232. When a mortgagee has a publicly recorded mortgage, as in the present case, we conclude, under the holdings of both *Mennonite* and *Jones*, that due process requires that the government must supplement notice by publication with pre-tax sale notice mailed to the mortgagee's last known available address or by personal service, regardless of whether the mortgagee has requested such notice.[3]

Further, pursuant to the holding of *Jones*, adequate notice under the Due Process Clause does not allow the government to fail to take additional steps when it knows that

---

[3] The government is not required to undertake extraordinary efforts to discover the identity and whereabouts of a mortgagee whose identity is not in the public record.

notice has failed. There, the Court concluded that the State should have taken additional steps to notify the property owner, if practicable to do so, when the original notice was returned unclaimed. 547 U.S. at 234. In the present case, the second sentence of Indiana Code section 6-1.1-24-3(b), which states that the failure of the auditor to mail the requested notice or the fact that such notice was undelivered for any reason does not affect the validity of the tax sale, is in contravention to the holding in *Jones* because it excuses the auditor from providing pre-tax sale notice by mail, even when it has been requested. We therefore conclude that the Indiana pre-tax sale notice statute violates the Due Process Clause of the Fourteenth Amendment because it does not require the government to provide sufficient notice prior to the tax sale either by mail or by personal service to mortgagees who have publicly recorded mortgages, even if such notice is not requested by the mortgagees, and because it provides that, even if the government fails to mail the requested notice or the notice is undeliverable for some reason, the validity of the tax sale will not be affected.[4] The trial court correctly denied M & M's petition for a tax deed.

Affirmed.

BAKER, J., and BROWN, J., concur.

---

[4] Post-tax sale notice is the notice that mortgagees, as persons with substantial property interest of public record in the property, shall receive after the property has been sold at tax sale under Indiana Code sections 6-1.1-25-4.5 and -4.6. We further conclude that the fact that Monroe Bank received the post-tax sale notices required under Indiana Code sections 6-1.1-25-4.5 and -4.6 did not correct the constitutional violation of lack of sufficient notice prior to the tax sale. If a mortgagee only receives post-tax sale notice, this deprives it of the opportunity to protect its property interest prior to and at the tax sale, including purchasing the property itself at the tax sale. In *Mennonite*, the Court stated that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale" and is "entitled to notice reasonably calculated to apprise him of a *pending* tax sale." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983) (emphasis added). Therefore, notice after the tax sale has taken place does not remedy the due process violation of the lack of adequate notice prior to the tax sale.